PAUL ALOIS ADAMSKI,

      **Plaintiff,**

      **v.**                                              **Case No. 26-C-296**

DAISY CHASE, TONYA MOON,
CARA LENZ, NATHAN BEIER, and
JOHN DOE MAINTENANCE DEFENDANTS 1–100,

      **Defendants.**

## SCREENING ORDER

Plaintiff Paul Alois Adamski, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $75.56. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At all times relevant to the complaint, Plaintiff was housed at Redgranite Correctional Institution. Plaintiff is a veteran who suffers from post-traumatic stress disorder. Compl. at 3, Dkt. No. 1. Plaintiff asserts that, when officers make announcements over the "all call" system, a "sudden, loud, painful burst of feedback" plays across the intercom system. *Id.* at 4. He contends that the feedback bursts make it difficult to understand what the officers are announcing and triggers Plaintiff's startle response, one of his PTSD symptoms. *Id.* In 2024, Plaintiff obtained two hearing aids through the Wisconsin Department of Corrections. *Id.* He asserts that because the feedback is too loud and disturbing for him, he no longer uses his hearing aids. *Id.*

Plaintiff filed an inmate grievance, complaining that the feedback caused him pain when he used his hearing aids and that he could no longer use them. Defendant Inmate Complaint Examiner Tonia Moon responded that the feedback lasts for "a couple of seconds at a time." *Id.* Although Moon stated that the issue was being looked into by maintenance, Plaintiff alleges that she did nothing further to ensure compliance. *Id.* Defendant Warden Daisy Chase affirmed the complaint on October 1, 2024, and has allowed the feedback to persist and become worse. *Id.* Plaintiff spoke to Defendant ADA Coordinator Cara Lenz about the issue. *Id.* at 5. Lenz assured Plaintiff that she would look into the issue but took no action to ensure compliance with ADA regulations. *Id.*

Plaintiff noticed for a short time that there was some minor decrease in the feedback after staff had been instructed about the placement of speakers in the units in relation to the location of the microphone used for announcements, but feedback bursts continue to occur. *Id.* Plaintiff

3

contacted Defendant G Unit Manager Nathan Beier when the feedback persisted and informed him that there were still issues. Beier stated that he contacted Defendants John Doe Maintenance Workers. Plaintiff asserts that Beier refused to ensure that the environment was safe for the use of hearing aids and persons suffering with mental health issues, such as Plaintiff. *Id.*

In November 2025, the John Doe Maintenance Workers made a change to the "all call" system which made the feedback "profoundly worse." *Id.* Plaintiff has attempted to get Lenz to advocate for him from an ADA perspective, but she has refused to ensure compliance with such standards by the other defendants. *Id.*

Plaintiff asserts that Redgranite Correctional Institution has created a policy, practice, or custom in which inmates may be charged with an offense if they fail to use their hearing aids. He alleges that Defendants have allowed this new policy and that the policy places Plaintiff in imminent danger of being harmed. *Id.*

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Defendants are violating his Eighth Amendment right to be free from cruel and unusual punishment. To state a cognizable Eighth Amendment claim, a prisoner must allege facts that, if proven, would satisfy two requirements: first, the alleged deprivation of rights must be sufficiently serious; second, the prison official must have acted with a "sufficiently culpable state a mind." *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994). The Supreme Court

4

has defined cruel and unusual punishment as "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Pain can include severe mental distress. *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015) ("In short, 'the alleged pain [sufficient to constitute cruel punishment] may be physical or psychological.'" (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012))).

What is necessary to establish an unnecessary and wanton infliction of pain, the Court has held, "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). Where the alleged violation arises out of a failure to act, as for example, the failure of prison officials to provide essential medical care, the question is whether the officials exhibited "deliberate indifference." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). But where the alleged violation arises out of deliberate actions of prison officials, the question is whether the actions taken constitute the "unnecessary and wanton infliction of pain." *Id.* at 7 (citing *Whitley*, 475 U.S. at 319).

Although "[s]ubjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare," *see Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994), when actions are repeated over time, they may increase the plaintiff's risk of physical or psychological harm. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (prisoner's allegation of loud noise that "occurred every night, often all night" for months stated claim under Eighth Amendment). This is especially true where the inmate suffers from a mental illness or disorder such as PTSD. Based on the allegations contained in the complaint, Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Warden Chase, Moon, Lenz, Beier, and John Doe Maintenance Defendants 1–100.

5

Plaintiff also asserts a violation of the Americans with Disabilities Act (ADA). To state a claim under the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) a public entity denied him the benefits of its services, programs, or activities or otherwise discriminated against him; and (3) the denial or discrimination occurred because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citation omitted). Plaintiff asserts that because the feedback is too loud and disturbing for him, he no longer uses his hearing aids. He alleges that Defendants discriminated against him by denying him the use of his hearing aids or, alternatively, forced him to use them in a way that would harm him and by depriving him of a safe environment that would accommodate his disability. Plaintiff may proceed on an ADA claim against Warden Chase in her official capacity. *See Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 671 (7th Cir. 2012) (noting that individual capacity claims are not available under the ADA and that the proper defendant is the agency or its director (in her official capacity)); *see also* 42 U.S.C. § 12131(1)(b).

Finally, Plaintiff asserts that Redgranite Correctional Institution has created a policy in which inmates *may* be charged with an offense if they fail to use their hearing aids. Plaintiff has not alleged that he has been charged with an offense, but he alleges that the policy places him "in imminent danger of being harmed." Compl. at 5. Being exposed to a mere risk of harm, without incurring harm, is not enough to maintain a claim. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) ("risk is not compensable without evidence of injury").

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order

6

are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $273.44 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

7

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 16th day of April, 2026.

William C. Griesbach
United States District Judge

8